UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JAMES SHILLING,

        Plaintiff,

v.

JACKIE CRAWFORD, JAMES SCHOMIG, CHARLES McBURNEY, WILLIAM KULOLOIA, MARTHA SIMS, CHERYL BURSON, CLARENCE KING, DAVE CASALEGGIO, GARY FRIEDMAN, HAROLD CLARKE, JOSEPH LEHMAN, JAMES THATCHER, DEAN MASON, DAVID BAILEY, JAMES MILLER, ETHAN EARLEY,

        Defendants.

2:05-CV-0889-PMP-GWF

**ORDER**

Presently before this Court is Plaintiff's Motion for Reconsideration of Order, Denying Preliminary Injunction Dated March 13th 2006 (Doc. #65) filed on April 5, 2006. Defendants Harold Clarke, Joseph Lehman, James Thatcher, Dean Mason, David Bailey, James Miller, and Ethan Earley filed a Response (Doc. #75) on April 21, 2006.

**I.     BACKGROUND**

Plaintiff is a state of Washington prisoner, currently housed in Washington. (Compl. [Doc. #9] at 1.) From May 17, 2003 to November 19, 2004, Plaintiff was housed as a prisoner at High Desert State Prison ("High Desert") in Indian Springs, Nevada as part of a bed sharing program between Washington and Nevada. (Id.) Plaintiff is an Orthodox Jew who consumes only "Kosher food" as an essential tenet of his religion. (Id. at 3.) In

1  the Complaint, Plaintiff alleges that during his stay at High Desert, prison official denied
2  him kosher meals, as well as access to Jewish services, including access to a rabbi.  On
3  October 3, 2006, Plaintiff filed suit in the Court alleging violation of his First Amendment
4  right to free exercise of religion (claim 1) and violation of his equal protection rights under
5  the Fourteenth Amendment (claims 2, 3).  Plaintiff asserts his claims under 42 U.S.C. §
6  1983.
7  　　　　On July 21, 2005, Plaintiff filed a motion for preliminary injunction (Doc. #2)
8  pursuant to Federal Rule of Civil Procedure 65(a).  In his motion for preliminary injunction,
9  Plaintiff argued that there was a reasonable likelihood that he would prevail on the merits,
10 and that there was a threat of irreparable harm because there was a high likelihood that he
11 would be transferred out of state to another facility.  (Id. at 2-3.)  In being transferred out of
12 state, Plaintiff argued he would be forced to defile his body by eating non-kosher food and
13 break a religious commandment thereby placing his soul at peril.  (Id.)  Finally, Plaintiff
14 argued that the threatened injury outweighed any harm to the proposed injunction.  (Id. at
15 3.)  Plaintiff requested this Court order Defendants to provide plaintiff with access to
16 Jewish services and kosher meals.  (Id.)  Additionally, Plaintiff requested this Court order
17 Defendants to provide Plaintiff with weekly deposits of twenty-five dollars to Plaintiff's
18 prison account to purchase kosher meals.  (Id.)  Furthermore, Plaintiff requested this Court
19 order a Jewish rabbi to inspect, and certify all food given to Plaintiff is "Kashruth" and
20 follows Jewish dietary law.  (Id.)  On March 13, 2006, the Court denied plaintiff's motion
21 for preliminary injunction.  (Order dated Mar. 13, 2006 [Doc. #53].)
22 　　　　Plaintiff now moves this Court to reconsider it's March 13, 2006 Order denying
23 Plaintiff's motion for preliminary injunction.  Plaintiff argues that at the least he has raised
24 a colorable claim that the exercise of his religious beliefs have been infringed, and therefore
25 his motion for preliminary injunction should be granted.  Defendants respond that this
26 Court's March 13, 2006 Order should be upheld because Plaintiff has not offered any new

1  arguments, evidence, or case law to justify a reconsideration of Plaintiff's motion.
2  Furthermore, Defendants argue there is no evidence of clear error in the Court's Order
3  therefore Plaintiff's motion for reconsideration should be denied.
4  **II.      DISCUSSION**
5          "A district court may reconsider its grant of summary judgment under either
6  Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b)
7  (relief from judgment)."  <u>Sch. Dist. No. 1J, Mutnomah County, Or. v. ACandS, Inc.</u>, 5 F.3d
8  1255, 1261 (9th Cir. 1993).  Federal Rule of Civil Procedure 59(e) provides, "Any motion
9  to alter or amend a judgment shall be filed no later than 10 days after entry of the
10 judgment."  Fed. R. Civ. P. 59(e).
11         Reconsideration of a prior ruling is appropriate only in limited circumstances,
12 such as the discovery of new evidence, an intervening change in controlling law, or where
13 the initial decision was clearly erroneous or manifestly unjust.  <u>Nunes v. Ashcroft</u>, 375 F.3d
14 805, 807-08 (9th Cir. 2004).  A motion for reconsideration is not an avenue to re-litigate the
15 same issues and arguments upon which the court already has ruled.  <u>Brogdon v. Nat'l</u>
16 <u>Healthcare Corp.</u>, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).
17         The Court will deny Plaintiff's motion for reconsideration.  Plaintiff has not
18 offered any new argument as to why Plaintiff's motion for preliminary injunction should be
19 granted.  Additionally, Plaintiff does not demonstrate any change in law which would
20 justify a reconsideration of the Court's March 13, 2006 Order.  Finally, there is no evidence
21 of clear error.  Plaintiff's motion for reconsideration is an attempt to re-litigate a matter
22 which the Court already has ruled upon, therefore the Court will deny Plaintiff's motion to
23 reconsider.
24 ///
25 ///
26 ///

## IV. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration of Order, Denying Preliminary Injunction Dated March 13th 2006 (Doc. #65) is hereby DENIED.

DATE: June 12, 2006

_____
PHILIP M. PRO
Chief United States District Judge