1

2

3

4
UNITED STATES DISTRICT COURT

5
DISTRICT OF NEVADA

6
* * *

7
JAMES SHILLING,

8
              Plaintiff,

9
v.

                         2:05-cv-00889-PMP-GWF

10
JACKIE CRAWFORD, JAMES
SCHOMIG, CHARLES McBURNEY,

11
WILLIAM KULOLOIA, MARTHA           **ORDER**
SIMS, CHERYL BURSON, CLARENCE

12
KING, DAVE CASALEGGIO, GARY
FRIEDMAN, HAROLD CLARKE,

13
JOSEPH LEHMAN, JAMES
THATCHER, DEAN MASON, DAVID

14
BAILEY, JAMES MILLER, ETHAN
EARLEY,

15
              Defendants.

16

17
       Presently before the Court is Defendants Harold Clarke, Joseph Lehman, James

18
Thatcher, Dean Mason, David Bailey, James Miller, and Ethan Earley's Motion for

19
Judgment on the Pleadings (Doc. #37) filed on January 30, 2006. Plaintiff filed Plaintiff's

20
Response to the WA. (D.O.C.) Defendants, Motion for Judgment on the Pleadings, F.R.C.P.

21
12(c) (Doc. #67) on April 5, 2006. Defendants filed a Reply (Doc. #73) on April 13, 2006.

22
**I.       BACKGROUND**

23
       Plaintiff is a state of Washington prisoner currently housed in Washington.

24
(Compl. [Doc. #9] at 1.) From May 17, 2003 to November 19, 2004, Plaintiff was housed

25
as a prisoner at High Desert State Prison ("High Desert") in Indian Springs, Nevada as part

26
of a bed sharing program between Washington and Nevada. (Compl. at 1.) Plaintiff is an

Orthodox Jew who consumes only kosher food as an essential tenet of his religion.  (Id. at 3.)

Defendant Harold Clarke ("Clarke") was the Director of the Washington Department of Corrections at all relevant times.  (Id. at 2b.)  Defendant Joseph Lehman ("Lehman") was the Director of the Washington Department of Corrections at all relevant times.  (Id.)  Defendant James Thatcher ("Thatcher") was at all relevant times the Washington Contract Monitor in charge of Department of Corrections classification and out of state placement of prisoners.  (Id.)  Defendant Dean Mason ("Mason") at all relevant times was the Washington Department of Correction's out of state grievance counselor responsible for all out of state grievances filed by Washington inmates.  (Id. at 2c.)  Defendant David Bailey ("Bailey") at all relevant times was the Washington Department of Correction's Correctional Programs Manager.  (Id.)  Defendant James Miller ("Miller") at all relevant times was Washington Department of Correction's Acting Correctional Programs Manager.  (Id.)  Defendant Ethan Earley ("Earley") at all relevant times was Washington Department of Correction's Caseworker at High Desert.  (Id.)  These Defendants are collectively referred to as "Washington Defendants."

Plaintiff alleges that upon his arrival at High Desert he requested a kosher diet, fast bags for religious holidays, and access to Jewish services.  (Id. at 3.)  The Nevada chaplain approved the request and provided Plaintiff with the necessary paperwork.  (Id.)  However, High Desert never provided Plaintiff with kosher meals during the entire duration of his stay.  (Id.)  Plaintiff sought remedy through the High Desert grievance system.  (Id.)  Several months following his initial request for kosher meals, Plaintiff was informed that High Desert did not offer and was not equipped to offer kosher meals.  (Id.)  High Desert does provide meals for other restricted diets based on religious principles.  (Id.)

Following Plaintiff's further grievances, Defendant Kuloloia informed Plaintiff

that Ely State Prison provides kosher meals and that he would be transferred to that prison. (Id. at 4b.) Soon thereafter, Earley informed Plaintiff that his transfer would be cancelled. (Id.) The pleadings are unclear as why the transfer was cancelled. In the Complaint, Plaintiff states both that his transfer was involuntarily terminated and that the transfer was terminated because he had voiced concerns regarding it. (Id. at 4b, 5.) Furthermore, the dates of these events are unclear, as Plaintiff alleges in the Complaint that the transfer cancellation occurred before the transfer request was submitted. (See id.) Sometime either immediately preceeding or following the cancellation of Plaintiff's transfer request, Defendants Bailey, Miller, Early, Friedman, and Casaleggio met to discuss Plaintiff's situation. (Id. at 5.) Plaintiff alleges "[i]t was their consensus to pass along the criteria to receive kosher food, and to attend Judaic services, and religious materials, per WA. and NV. D.O.C. policy." (Id.) Plaintiff alleges the criteria established was to provide these items "to inmates who were born Jewish, as prison is not a place for conversion." (Id.) In January 2005, Plaintiff was transferred to Washington, where he filed an official complaint as to his treatment in Nevada. (Id. at 4b.) Mason responded to him, notifying him that the staff did not violate policy, and the issue is not grievable as it occurred in Nevada. (Id.)

On October 3, 2006, Plaintiff filed suit in the Court alleging violation of his First Amendment right to free exercise of religion and violation of his equal protection rights under the Fourteenth Amendment. Plaintiff brings his claims under 42 U.S.C. § 1983.

Washington Defendants now move this Court for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Washington Defendants first argue that as a matter of law, Plaintiff has failed to allege Washington Defendants violated his First Amendment right to freedom of expression. Additionally, Washington Defendants argue that as a matter of law Plaintiff has not stated a violation of equal protection. Specifically, Washington Defendants argue that Plaintiff admits in the Complaint that he was not denied kosher meals, but was given the opportunity to transfer to another facility which would

3

provide kosher meals, and therefore he has no basis for his Fourteenth Amendment claims. Furthermore, with regard to Defendant Mason, Washington Defendants argue that Plaintiff's allegations do not allege a constitutional violation because there is no constitutional right to a prison grievance system. With regard to Defendants Clarke, Lehman, and Thatcher, Washington Defendants argue they are not liable as a matter of law because they cannot be held responsible under § 1983 based on a theory of vicarious liability or respondeat superior. Finally, Washington Defendants argue that Plaintiff's claims are barred by the Eleventh Amendment because Washington has not consented to this suit.

First, Plaintiff responds that Washington Defendants contracted to send him to an alternative prison that was not equipped properly to provide him kosher meals, thereby violating his constitutional rights under the First and Fourteenth Amendments. Furthermore, Plaintiff argues that because he was under the control of the Washington Department of Corrections' control, Defendants are liable for the wrongs he suffered. Finally, Plaintiff argues that all Defendants are liable personally and officially, "because they received a letter from plaintiff, and after learning of the Constitutional Rights violations, through a report, grievance, or Appeal, failed to remedy the wrong!" (Opp'n at 19.)

## II.      LEGAL STANDARD

"A judgment on the pleadings [under Federal Rule of Civil Procedure 12(c)] is properly granted when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Nelson v. City of Irvine, 143 F.3d 1196, 1200 (9th Cir. 1998) (citing McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir 1996), cert. denied, 520 U.S. 1181 (1997)). A motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) may be brought "[a]fter the pleadings are closed but within such time as not to delay the trial. . . ." Fed. R. Civ. P. 12(c).

Generally, "judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue . . . ." <u>Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.</u>, 896 F.2d 1542, 1550 (9th Cir 1989). If a court does consider "matters outside the pleadings" in its determination on a motion for judgment on the pleadings, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 [Summary Judgment], and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(c); <u>see also</u> <u>Hal Roach Studios</u>, 896 F.2d at 1550 (holding that if, on a 12(c) motion, a court considers evidence outside the pleadings, the court should apply the summary judgment standard).

**III.     DISCUSSION**

Title 42 U.S.C. § 1983 provides:

> [e]very person who, under color of [law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "To state a claim under § 1983, the plaintiff must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law." <u>Gritchen v. Collier</u>, 254 F.3d 807, 812 (9th Cir. 2001). That the defendant act under color of state law is "'a jurisdictional requisite for a § 1983 action.'" <u>Id.</u> (quoting <u>West v. Atkins</u>, 487 U.S. 42, 46 (1988)).

"Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." <u>Hansen v. Black</u>, 885 F.2d 642, 645-46 (9th Cir. 1989) (citing <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 479 (1986)). A supervisor may be liable where either (1) there exists his personal involvement in the alleged constitutional deprivation; or (2) there exists a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. <u>Id.</u> at 646. Additionally, "[s]upervisory liability exists even without overt personal participation in the

offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Id. (citing Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987)).

### A.    Joseph Lehman

Washington Defendants move this Court to grant judgment on the pleadings as to Plaintiff's claims with regard to Lehman. Washington Defendants argue that Plaintiff does not allege Lehman personally participated in the alleged constitutional violation, and therefore has failed to state a claim against Lehman. Plaintiff responds that Lehman was responsible for enforcing the contract between Nevada and Washington, and as such he is responsible for Plaintiff as a ward of the state.

Taking all allegations in the pleadings as true, Washington Defendants are entitled to judgment as a matter of law with regard to Plaintiff's claims against Lehman. In the Complaint, Plaintiff's only allegation with regard to Lehman, is that he, along with the other Washington Defendants are liable because they "engaged into [sic] a contract with the [Nevada Department of Corrections], and failed to take into account the plaintiffs Constitutional Rights would be violated . . . ." (Compl. at 6.) Plaintiff does not allege Lehman participated in the decision to deny him access to Judaic services or kosher meals. Lehman's decision to enter into a bed-sharing contract with the Nevada Department of Corrections was made in a supervisory capacity and was unrelated to the alleged constitutional deprivation of Plaintiff's rights. Plaintiff has not alleged either that Lehman was personally involved in the alleged constitutional rights deprivation, or that a sufficient causal connection between Lehman's decision to contract with the Nevada Department of Corrections and the alleged constitutional violation exists. See Hansen, 885 F.2d at 646. Additionally, Plaintiff has not alleged that Lehman implemented a policy so deficient that the policy was a moving force of the alleged constitutional violation. See id. Therefore, Washington Defendants are entitled to judgment as a matter of law with regard to Plaintiff's

claims against Lehman.

**B.     James Thatcher**

Washington Defendants move this Court to grant judgment on the pleadings as to Plaintiff's claims against Thatcher.  Washington Defendants argue that Plaintiff does not allege Thatcher personally participated in the alleged constitutional violation, and therefore has failed to state a claim against Lehman.  Plaintiff responds Thatcher routinely visited the Nevada prisons housing Washington inmates and received daily emails regarding the prisons.  Plaintiff further argues that Thatcher approved the decision to deny plaintiff access to kosher meals.

Taking all allegations in the pleadings as true, Washington Defendants are not entitled to judgment as a matter of law as to Plaintiff's claims against Defendant Thatcher.  In the Complaint, Plaintiff alleges Thatcher is liable because he "engaged into a contract with the [Nevada Department of Corrections], and failed to take into account that plaintiffs Constitutional Rights would be violated . . . ."  (Compl. at 6.)  However, in his opposition to Defendants' motion, Plaintiff makes more detailed assertions including that evidence has come to light that Thatcher was personally involved in the decision to deny Plaintiff kosher meals.  Unlike the other named Defendants, Plaintiff asserts that Thatcher acted in more than a supervisory capacity.  The deadline to amend the Complaint has not passed and therefore Plaintiff could amend the Complaint to clarify his allegations as to Thatcher's role in the decision to deny Plaintiff kosher meals.  Therefore, this Court will deny Defendants' motion for judgment on the pleadings with regard to Plaintiff's claims against Thatcher, and will instead dismiss Plaintiff's claims against Thatcher without prejudice and with leave to amend.

**C.     Richard Clarke**

Washington Defendants move this Court to grant judgment on the pleadings with regard to Defendant Clarke.  First, Washington Defendants argue that Plaintiff does not

allege Clarke personally participated in the decision to deny Plaintiff access to kosher

meals, and therefore Plaintiff has failed to state a claim as a matter of law. Additionally,

Washington Defendants argue that the alleged actions were taken by the employees of the

Nevada Department of Corrections, where none of the named Defendants, including Clarke,

are employed. Alternatively, Washington Defendants argue the Eleventh Amendment bars

Plaintiff's claims against Clarke. Specifically, Washington Defendants argue Clarke was

Washington not the Department of Correction's secretary during the relevant times alleged

in Plaintiff's Complaint, thus Clarke cannot be sued in his individual capacity, only in his

official capacity, and therefore he is not a person for § 1983 purposes. Plaintiff responds

that Clarke followed Lehman as Washington Department of Correction's secretary and is

directly responsible for the change in Washington policy which presently denies Plaintiff

kosher meals. Generally, Plaintiff argues that Washington Defendants, including Clarke,

are liable personally and officially because they were notified of Plaintiff's grievances and

have failed to remedy the situation.

Taking all allegations in the pleadings as true, Washington Defendants are

entitled to judgment as a matter of law with regard to Plaintiff's allegations against Clarke.

In the Complaint, Plaintiff does not make any specific allegations regarding Clarke. The

Complaint states that Clarke was at all relevant times the Director of the Washington

Department of Corrections. (Compl. at 2b.) In the pleadings, Plaintiff does not allege

either that Clarke was personally involved in the alleged constitutional deprivation or that

there exists a sufficient causal connection between Clarke's supervisory role and the alleged

constitutional violation. Assuming Clarke was the Director of the Washington Department

of Corrections, which Washington Defendants dispute, Clarke, as a supervisor, cannot be

held vicariously liable for the actions of his subordinates under § 1983. For these reasons,

the Court will grant Washington Defendants' motion for judgment as a matter of law with

regard to Plaintiff's claims against Clarke.

**D.  Dean Mason**

Washington Defendants move this Court to grant judgment as a matter of law with regard to Plaintiff's claims against Mason.  Washington Defendants argue that Plaintiff's allegations against Mason do not state a claim under the First Amendment or Fourteenth Amendment.  Washington Defendants argue there is no constitutional right to a prison grievance system and therefore Plaintiff has failed to state a claim as a matter of law. Plaintiff responds that Mason personally was involved in investigating Plaintiff's grievances, and therefore is liable for the deprivation of Plaintiff's constitutional rights, including his First Amendment rights to free exercise of religion.  Generally, Plaintiff argues that all Washington Defendants are liable personally and officially because they were informed of the deprivation of Plaintiff's rights and did not act.

Taking all allegations in the pleadings as true, Washington Defendants are entitled to judgment on the pleadings with regard to Plaintiff's claims against Defendant Mason.  Plaintiff was denied access to kosher meals, among other religious activities, from May 17, 2003 until November 19, 2004.  (Compl. at 1.)  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  On January 26, 2005, two months after the relevant time period, Mason denied Plaintiff's grievance, informing him the issue was not grievable as it was an issue with the Nevada Department of Corrections.  (Compl. at 4b.)  Thus, Mason was informed of the alleged violation after the fact.  As there is no actual connection between Mason's actions and the alleged deprivation Plaintiff suffered, the Court will grant Washington Defendant's motion for judgment as a matter of law with regard to Plaintiff's claims against Mason.  See Johnson, 588 F.2d at 743.

1        **E.**        **David Bailey, James Miller, and Ethan Earley**

2        **1.**        **First Amendment (claim 1)**

3        Washington Defendants move this Court to grant judgment as a matter of law

4 with regard to Plaintiff's claim that Defendants violated his constitutional right under the

5 First Amendment for free exercise of religion. Defendants argue that Plaintiff does not

6 allege that Washington Defendants interfered with or prevented Plaintiff from engaging in

7 conduct mandated by his Orthodox faith. Washington Defendants argue that they met with

8 Plaintiff and worked to accommodate his request for a kosher diet by offering him a transfer

9 to Ely State Prison, which Plaintiff declined. Thus, Washington Defendants argue the Court

10 should grant judgment as a matter of law as to Plaintiff's claim under the First Amendment.

11 Plaintiff does not respond directly to Washington Defendants arguments, however generally

12 Plaintiff argues generally that he was denied kosher meals and therefore the Washington

13 Defendants violated his constitutional rights under the First Amendment.

14        The First Amendment to the United States Constitution provides that "Congress

15 shall make no law respecting the establishment of religion, or prohibiting the free exercise

16 thereof." U. S. Const., amend. I. "Prison walls do not form a barrier separating prison

17 inmates from the protections of the Constitution." Turner v. Safley, 482 U.S. 78, 84 (1987).

18 The United States Court of Appeals for the Ninth Circuit has noted, "[t]he right to the free

19 exercise of religion is a precious American invention, distinguishing our Constitution from

20 all prior national constitutions. The right to the free exercise of religion is to be jealously

21 guarded." Ward v. Walsh, 1 F.3d 873, 876 (9th Cir. 1993). However, "[t]he free exercise

22 right . . . is necessarily limited by the fact of incarceration, and may be curtailed in order to

23 achieve legitimate correctional goals or to maintain prison security." Id. (citing O'Lone,

24 482 U.S. at 348.) "In order to establish a free exercise violation, [plaintiff] must show the

25 defendants burdened the practice of his religion, by preventing him from engaging in

26 conduct mandated by his faith, without any justification reasonably related to legitimate

penological interests." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997) (citing Turner, 482 U.S. at 89)).  To determine whether a challenged conduct was reasonable, the Court should consider "whether the regulation has a logical connection with a legitimate government interest," the existence of alternative means to exercise the asserted right, and "the impact that accommodation of the prisoner's right would have on prison resources." Id.

The Ninth Circuit has held that "[i]nmates also have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987).  While a prisoner's rights under the First Amendment must be balanced with the prison's correctional goals, "requiring a believer to defile himself by doing something that is completely forbidden by his religion is different from (and more serious than) curtailing various ways of expressing beliefs for which alternatives are available." Ashelman v. Wawrzaszek, 111 F.3d 674, 677 (9th Cir. 1997).  However, requiring an Orthodox Jewish prisoner to complete standard prison forms to obtain kosher means does not violate his right to free exercise of religion under the First Amendment.  Resnick, 348 F.3d at 771.

Taking all allegations in the pleadings to be true, the Court will deny Washington Defendants motion for judgment as a matter of law with regard to Defendants Bailey, Miller, and Earley.  Plaintiff alleges that on May 17, 2003, upon arrival at High Desert, he requested kosher meals as a means of adhering to his Orthodox Jewish beliefs, yet was denied such meals for the entire duration of his stay at the prison which ended on November 19, 2004.  (Compl. at 4a-4b.)  During that time, Plaintiff followed High Desert grievance procedures and repeatedly filed formal grievances requesting religious dietary accommodation.  (Id. at 4b.)  Plaintiff alleges Defendants Bailey, Miller, and Earley adopted a policy that denied access to kosher meals and other Judaic services to those that were not "born Jewish," thereby restricting the free exercise of religion of those who did not

11

meet the established criteria, including Plaintiff. (Id. at 5.) Defendants have not stated or addressed what legitimate penological interest is served by such a policy. Additionally, questions of fact exist as to whether Defendant Earley cancelled Plaintiff's transfer to Ely, or whether Plaintiff requested his transfer to be cancelled. Thus, it cannot be said as a matter of law that Plaintiff has not stated a claim. Plaintiff sufficiently has alleged that Defendants burdened his practice of religion by denyng him access to kosher meals. Questions of fact remain as to whether Defendants' denial was reasonably related to a legitimate penological interest. See Freeman, 125 F.3d at 736. Therefore, the Court will deny Washington Defendants' motion for judgment as a matter of law.

## 2. Equal Protection

Washington Defendants move the Court to grant judgment on the pleadings with regard to Plaintiff's claims under the Equal Protection clause. Washington Defendants argue that Plaintiff does not allege that as an Orthodox Jew he was treated differently from other individuals of different religions. Washington Defendants further argue that Plaintiff is contradictory in his pleading, and therefore judgment should be granted as a matter of law.

"The Constitution's equal protection guarantee ensures that prison officials cannot discriminate against particular religions." Freeman, 125 F.3d at 737 (citing Cruz v. Beto, 405 U.S. 319, 321-22 (1972)). Prisons must make a good faith accommodation of prisoner's rights in light of practical considerations, but "need not provide identical facilities or personnel to different faiths." Id. (citing Allen v. Toombs, 827 F.3d 563, 569 (9th Cir. 1987)). "To succeed on an equal protection claim, a plaintiff in a section 1983 claim must show that officials intentionally acted in a discriminatory manner." Id. (citing FDIC v. Henderson, 940 F.2d 465, 471 (9th Cir.1991)). Proof of discriminatory intent may, in some situations, be inferred from the mere fact of difference in treatment. Sischo-Nownejad v. Merced Cmty. Coll. Dist. 934 F.2d 1104, 1112 (9th Cir. 1991) (citing

1   Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n. 15 (1977)).

2          Taking all allegations in the pleadings to be true, the Court will deny Washington

3   Defendants' motion for judgment on the pleadings.  Plaintiff alleges that High Desert

4   accommodated the dietary restrictions of several other religions but declined to

5   accommodate kosher dietary restrictions.  (Compl. at 6.)  Plaintiff further alleges

6   Washington Defendants required him to prove his Jewish heritage, whereas the same

7   requirements were not placed on inmates of other faiths.  This is sufficient to state an equal

8   protections claim.

9          Washington Defendants argue that Plaintiff has not alleged that they intentionally

10  or purposefully discriminated against Plaintiff, thus he has failed to state a claim as a matter

11  of law.  In the Complaint, however, Plaintiff alleged that he followed the High Desert

12  grievance procedure, repeatedly requested accommodation, and Defendants specifically

13  denied him kosher meals.  Plaintiff therefore alleges not just that he was treated differently,

14  but that Defendants purposefully denied him kosher meals.  (Id.)  For these reasons, the

15  Court will deny Washington Defendants motion for judgment on the pleadings as to

16  Plaintiff's equal protection claim under § 1983.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

13

**III.     CONCLUSION**

IT IS THEREFORE ORDERED that Washington DOC Defendants' Motion for Judgment on the Pleadings (Doc. #37) is hereby GRANTED in part and DENIED in part. The motion is GRANTED with regard to Plaintiff's claims against Defendants Lehman, Clarke, and Mason.  Defendants' motion is DENIED with regard to Plaintiff's claims against Bailey, Miller, and Earley.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Thatcher are hereby dismissed without prejudice.

DATE:  June 13, 2006

_____
PHILIP M. PRO
Chief United States District Judge